UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | CASE NO. 4:22-cr-440-1 |
| vs. § | |
| § | |
| SOHIL USMANGANI VAHORA, § | |
| aka Sam aka Bapu, § | |
| § | |
| Defendant. § | |

### CONSOLIDATED RESPONSE TO PRETRIAL MOTIONS
### FILED AS DOCKET ENTRIES NO. 58- 69

On September 29, 2023, Defendant Sohil Usmangani Vahora filed ten pretrial motions and a memorandum. The United States submits this consolidated response. Trial is scheduled to begin on Monday, October 30, 2023.

**Omnibus Response**

The United States acknowledges its disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure; Rule 26.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3500; *Brady v. Maryland*[1], and *Giglio v. United States*[2]. To date, the United States has provided over 1 terabyte of discovery material to Defendant.

To the extent that any of Defendant's motions discussed below seek orders requiring the Government to comply with the disclosure obligations listed above, the United States is unopposed to the relief requested. Where it appears to the Government that a motion is overbroad and seeks an order requiring the Government to go beyond its statutory and Constitutional obligations, the Government notes its opposition below.

---

[1] 373 U.S. 83 (1963).
[2] 405 U.S. 150 (1972).

1

**Docket Entry No. 58: Motion for Discovery**

To the extent that Defendant's Motion for Discovery seeks an order requiring the Government to produce discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure, the motion is unopposed.

**Docket Entry No. 59: Motion for Jencks Act Material**

To the extent that Defendant's Motion for Jencks Act Material seeks an order requiring the Government to produce Jencks Act material in accordance with Rule 26.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3500, the motion is unopposed.

**Docket Entry Nos. 60 and 61: Motion for the Government to Give Notice of Its Intention to Use Evidence of Other Crimes, Wrongs, or Bad Acts and Memorandum**

To the extent that Defendant's Motion for the Government to Give Notice seeks an order requiring the Government to comply with Rule 404(b) of the Federal Rules of Evidence, the motion is unopposed.

**Docket Entry No. 62: Motion to Discover Criminal Records of Witnesses**

The Government objects that Defendant's Motion to Discover Criminal Records of Witnesses is overbroad. Specifically, the Defendant requests that the Government produce criminal records of "possible" witnesses. The United States will produce criminal records and other information in compliance with *Brady* and *Giglio*.

**Docket Entry No. 63: Motion to List Witnesses**

The Government is unopposed to an order requiring it to list the witnesses it intends to call to testify, prior to voir dire.

**Docket Entry No. 64: Motion to Produce Exculpatory and Mitigating Evidence**

The United States will comply with its *Brady* and *Giglio* and discovery obligations.

### Docket Entry No. 65: Motion to Discover Existence and Identity of Informant

The Government opposes Defendant's Motion to Discover Existence and Identity of Informants. The discovery in this case was provided pursuant to a Protective Order. The names of all cooperating defendants and witnesses have been provided in discovery. Given that the Defendant has engaged in obstruction, the United States will not produce any addresses for the witnesses or cooperating defendants without further consulting the Court.

### Docket Entry No. 66: Motion to Reveal Any Deal and/or Compensation between Government and Witnesses

The United States will produce information in compliance with its *Giglio* obligations.

### Docket Entry No. 67: Request by Counsel to Examine Prospective Jurors

The United States defers to the court's voir dire procedures.

### Docket Entry No. 68: Motion to Adopt Relevant and Applicable Objections Made by Other Co-Defendants

The Government opposes Defendant's Motion to Adopt Relevant and Applicable Objections Made by Other Defendant's as premature. At this time, Defendant is the only defendant in this case who remains on the trial docket. To the extent that circumstances change and Defendant is tried with another defendant, he can re-urge his motion at that time.

### Docket Entry No. 69: Motion for Additional and Separate Challenges

The Government opposes Defendant's Motion for Additional and Separate Challenges as premature. At this time, Defendant is the only defendant in this case who remains in the trial docket. To the extent that circumstances change and Defendant is tried with one or more other defendants, he can re-urge his motion at that time. The number of challenges that Defendant should separately receive, in the case of a joint trial, may well depend on how many defendants total have

been joined in the trial. The United States notes, however, that Rule 24(b) provides that each *side* receives a specified number of peremptory challenges.

                      Respectfully Submitted,

                      ALAMDAR S. HAMDANI
                      United States Attorney
                      Southern District of Texas

By:    */s/ Kate Suh*
        Stephanie Bauman
        Eun Kate Suh
        Assistant United States Attorneys
        1000 Louisiana, Suite 2300
        Houston, Texas 77002
        Telephone (713) 567-9000

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing has been sent to Anthony Troiani, attorney for Defendant Sohil Usmangani Vahora, via e-mail.

                      */s/ Kate Suh*
                      Kate Suh
                      Assistant United States Attorney